Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff JAVIER VALENZUELA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER VALENZUELA, an individual, | CASE NO.: |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF: |
| vs. | 1) THE FAIR DEBT COLLECTION PRACTICES ACT, |
| ORIONS MANAGEMENT GROUP, LLC, a California limited liability company; and DOES 1-10, inclusive, | AND |
| | 2) THE ROSENTHAL ACT. |
| Defendants. | DEMAND FOR JURY TRIAL. |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and 2202.

2. Venue in this District is proper in that Plaintiff's claim arose in this District.

///

## II. THE PARTIES.

3. The plaintiff, JAVIER VALENZUELA ("Plaintiff"), is a natural person. At all relevant times, he resided in the county of Ventura, California. At all times relevant herein, Plaintiff was and is a disabled Vietnam War veteran, and a senior citizen.

4. Defendant ORIONS MANAGEMENT GROUP, LLC (hereinafter "OMG"), is, and at all times relevant herein was, a California law corporation with its principal place of business at 711 E. Ball Road, Suite 106, Anaheim, California 92805.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

7. Defendants are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), and as defined by California Civil Code section 1788.2( c).

## III. FACTUAL ALLEGATIONS.

8. Plaintiff obtained credit at a furniture store while buying a bed. A dispute arose between Plaintiff and the furniture store, which did not supply the product

Plaintiff agreed to purchase on credit.  Plaintiff then disputed the charge directly with the credit issuing bank.  When neither the store nor the creditor agreed to resolve the issue satisfactorily, Plaintiff refused to pay the disputed balance.

9. Despite knowing that the balance was disputed, the original creditor notified Plaintiff via correspondence dated June 2, 2017, that it was transferring the debt to a company called Brightwater Capital, LLC.  The correspondence provided Brightwater's address, so Plaintiff – through his attorney – sent a letter to Brightwater notifying Brightwater of Plaintiff's prior disputes with the vendor and the credit issuing bank, cautioning Brightwater that the debt was not valid, and reminding Brightwater that it potentially faced liability under – among other things – the Fair Debt Collect Practices Act if it attempted to collect the debt.  Brightwater received Plaintiff's counsel's letter in July, 2017; an employee of the company signed a postal return receipt.

10. Plaintiff heard nothing more of the debt for several years.  Then, in April, 2022, Plaintiff received a letter from OMG attempting to collect the debt allegedly owed to Brightwater.

11. On April 29, 2022, Plaintiff sent OMG a letter explaining that he had previously disputed the alleged debt with the original creditor, that the debt was invalid.   Plaintiff indicated that he therefore refused to pay the "debt."  Plaintiff also requested that OMG refrain from any further attempts to communicate with him regarding the debt.

11. OMG received Plaintiff's cease communication letter via fax on April 29, 2022, and also subsequently by U.S. Mail.

12. OMG ignored the content of Plaintiff's correspondence.   On or around May 9, 2022, OMG sent Plaintiff new correspondence  – despite having received the prior cease communication directive.

13. OMG's May 9, 2022, correspondence was an attempt by OMG to collect the purported debt.   Among other things, OMG's letter stated to Plaintiff that

enclosed with the letter were various statements "indicating your purchase, payments and the balance owed . . ." Had Plaintiff in fact made payments on the alleged debt, it could have discredited Plaintiff's assertion that the debt was invalid from the beginning. In fact, OMG's claim that the statements indicated "payments" was incorrect; none of the statements enclosed reflected that Plaintiff had many payments at all. This is because the vendor had not delivered the product Plaintiff had agreed to purchase, and because Plaintiff had consistently disputed the alleged obligation from the beginning.

14. OMG's letter from March and May, 2022, were attempts to collect sums of money that included fees, penalties and interest not authorized by any enforceable contract or statute.

### FIRST CLAIM FOR RELIEF

(For Violations of the FDCPA Against OMG and DOES 1 through 5, inclusive)

15. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 14 above.

16. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

c) Contacting Plaintiff in an attempt to collect a debt after receiving a cease communication directive, in violation of 15 U.S.C. §1692c( c); and

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

17. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of anguish, frustration, humiliation, anxiety, and stress, among other things.  For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.  Further, pursuant to California Code of Civil Procedure section 3345, Plaintiff – a senior citizen – is entitled to treble damages.

## SECOND CLAIM FOR RELIEF

(For Violations of the Rosenthal Act Against OMG and DOES 1 through 5, inclusive)

18. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 17 above.

19. Defendants, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act").  Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10) and California Civil Code section 1788.17;

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f and California Civil Code section 1788.17;

c) Contacting Plaintiff in an attempt to collect a debt after receiving a cease communication directive, in violation of 15 U.S.C. §1692c( c) and California Civil Code section 1788.17; and

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the

agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1) and California Civil Code section 1788.17.

20. As a result of defendants' violations of the Rosenthal Act, pursuant to Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.  Further, pursuant to California Code of Civil Procedure section 3345, Plaintiff – a senior citizen – is entitled to treble damages.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the defendants as follows:

1. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

2. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c) and/or Code of Civil Procedure section 490.020.

4. General damages, in an amount subject to proof at trial; and

5. Such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that Plaintiff JAVIER VALENZUELA requests a trial by jury.

DATED: May 16, 2022                              Respectfully submitted,

                                                 By: _____
                                                 Aidan W. Butler
                                                 Attorney for Plaintiff
                                                 JAVIER VALENZUELA